1
2
3
4
5
6
7

8           UNITED STATES DISTRICT COURT
9         FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11 | THOMAS J. ZITO,                                   No. 2:23-cv-00004 KJM AC
12 |           Plaintiff,
13 |     v.                                            ORDER
14 | SEAN K. COLLINS and WILLIAM A. GOTTLIEB,
15 |
16 |           Defendants.

17     Plaintiff, who is proceeding in pro se, has paid the filing fee. Docket Notation dated

18 January 3, 2023. The federal venue statute provides that a civil action "may be brought in (1) a

19 judicial district in which any defendant resides, if all defendants are residents of the State in

20 which the district is located, (2) a judicial district in which a substantial part of the events or

21 omissions giving rise to the claim occurred, or a substantial part of property that is the subject of

22 the action is situated, or (3) if there is no district in which an action may otherwise be brought as

23 provided in this action, any judicial district in which any defendant is subject to the court's

24 personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

25     In this case, both defendants are in Boston, Massachusetts. ECF No. 1 at 2. The

26 complaint is based on a contract for legal services that identifies the location of representation as

27 Boston, Massachusetts and which identifies Boston, Massachusetts as the location in which

28 disputes arising from the contract will be resolved. ECF No. 1 at 6, 8. Therefore, plaintiff's

claim should have been filed in the United States District Court for the District of Massachusetts. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the District of Massachusetts.

DATED: January 4, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE