UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS J. ZITO,<br><br>   Plaintiff,<br><br>  v.<br><br>SEAN K. COLLINS,<br><br>   Defendant. | Civil Action No. 23-CV-10047-PGL |

### REPORT AND RECOMMENDATION

LEVENSON, U.S.M.J.

  Plaintiff Thomas J. Zito, proceeding *pro se*, initiated this action in the United States District Court for the Eastern District of California on January 3, 2023. Docket No. 1. That court transferred the matter to this district, where it was assigned to me. Docket Nos. 4, 5. Defendant Sean K. Collins ("Defendant") filed a motion to dismiss on January 31, 2023. Docket No. 8. Despite receiving a 45-day extension of time to respond to the motion to dismiss, Plaintiff did not file an opposition, and, on April 18, 2023, I ordered him to show cause why the motion should not be granted. *See* Docket Nos. 9, 10, 11. Plaintiff made a filing in response to that order; however, the filing did not address Defendant's arguments for dismissal. *See* Docket No. 12. Thereafter, Plaintiff made several additional filings, none of which addressed the legal bases for the motion to dismiss. *See* Docket Nos. 13, 14, 16, 17. One of Plaintiff's filings did contain a request to remove William A. Gottlieb as a defendant, which I granted, leaving Mr. Collins as the sole defendant in the case. *See* Docket Nos. 13, 15.

On July 14, 2023, I issued a second order to show cause. *See* Docket No. 18. That order ordered Plaintiff to show cause why Defendant's motion to dismiss should not be allowed, outlined what would need to be contained in his response to avoid dismissal, and stated that "[f]ailure to comply by August 15, 2023, will likely result in allowance of the Motion to Dismiss." *See id.* at 10.

Plaintiff has not responded to the second order to show cause, nor made any other filings since that order. It is now beyond the deadline set in the order and more than six months after Defendant filed his motion to dismiss. Accordingly, for the reasons set forth in Defendant's motion to dismiss and discussed in my second order to show cause (Docket No. 18)—broadly that Plaintiff lacks standing and has failed to state a claim upon which relief may be granted— and because Plaintiff has failed to oppose the motion, I recommend that the Court grant Defendant's motion to dismiss.

The parties have not submitted the required form to indicate whether they consent to the jurisdiction of a Magistrate Judge in this case. Accordingly, I will treat this as a dispositive matter that is subject to the Report and Recommendation provisions of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts.

## CONCLUSION

I direct the Clerk to assign this matter to a District Judge for purposes of considering whether to adopt this Report and Recommendation.

I recommend that the Court grant Defendant's motion to dismiss.[1]

                                                /s/ Paul G. Levenson
                                                United States Magistrate Judge

Date: August 16, 2023

---

[1] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within fourteen days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Sec'y of Health & Hum. Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).